IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ROBERT M. FISHMAN,

       Plaintiff,

v.

ZURICH AMERICAN INSURANCE
COMPANY and ZURICH NORTH
AMERICA SUPPLEMENTAL
EXECUTIVE RETIREMENT PLAN,

       Defendant.

No. 05 C 5227

Judge: Shadur

## DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM TO THE COMPLAINT

Defendants Zurich American Insurance Company and Zurich North America

Supplemental Executive Retirement Plan ("Zurich") submit this Answer, Affirmative Defenses

and Counterclaim in response to Plaintiff Robert M. Fishman's ("Fishman") Complaint. Zurich,

for its Answer to the Complaint, alleges as follows:

       1.      This is a Complaint for the recovery of pension benefits due under an employee
benefit plan and to recover civil penalties for the failure to timely provide documents to a plan
participant. Recovery is sought pursuant to the Employee Retirement Income Security Act
("ERISA"), in particular 29 U.S.C. §§l 132(a)(1)(A), 1132(a)(1)(B), 1132(c), as well as pursuant
to the federal common law under ERISA.

**ANSWER:**    Zurich denies the allegations set forth in paragraph 1 of the Complaint but admits

that they represent a fair characterization of the Complaint and recovery sought.

       2.      Pursuant to ERISA, in particular 29 U.S.C. § 1132(h), a copy of this Complaint is
being served by certified mail on the Secretary of Labor and the Secretary of the Treasury.

**ANSWER:**    Zurich is without knowledge or information sufficient to form a belief as to the

truth of the allegations set forth in paragraph 2 of the Complaint.

3.      This Court has jurisdiction of this matter under ERISA, in particular 29 U.S.C. §§ 1132(e)(1) and 1132(f) which give the district courts jurisdiction to hear civil actions brought to recover benefits due under the terms of an employee benefit plan and to recover civil penalties for the failure to timely provide documents to a plan participant.

**ANSWER:**      Zurich admits the allegations set forth in paragraph 3 of the Complaint.

4.      This Court also has jurisdiction under 28 U.S.C. § 1331, which provides jurisdiction over actions that arise under the laws of the United States, one of which is ERISA.

**ANSWER:**      Zurich admits the allegation set forth in paragraph 4 of the Complaint.

5.      Under ERISA, the plan at issue in this case must contain a procedure for the appeal of the denial of benefits. Plaintiff has exhausted the offered appeal procedure and has received a final denial. Therefore, this matter is properly before this Court for de novo judicial review.

**ANSWER:**      Zurich admits the first two sentences of paragraph 5 of the Complaint, and denies

the last sentence of paragraph 5 of the Complaint.

6.      Venue is proper in this Court under 29 U.S.C. § 1132(e)(2), which allows an action under ERISA to be brought in the district where the Plan is administered, where the breach took place, or where a Defendant resides or may be found.

**ANSWER:**      Zurich admits the allegation set forth in paragraph 6 of the Complaint.

7.      Plaintiff, Robert M. Fishman ("Mr. Fishman"), became an employee of Zurich American Insurance Company in January of 1994.  Mr. Fishman is a resident of Illinois and lives within the geographical jurisdiction of the Northern District of Illinois.

**ANSWER:**      Zurich admits the allegations set forth in paragraph 7 of the Complaint.

8.      Defendant Zurich North America Supplemental Executive Retirement Plan (the "Plan") is an employee pension benefit plan, as defined under ERISA, 29 U.S.C. § 1002(2). The Plan is administered and/or can be found in Illinois within the geographical jurisdiction of the Northern District of Illinois.

**ANSWER:**      Zurich admits the allegations set forth in paragraph 8 of the Complaint.

9.      Mr. Fishman is a participant in the Plan entitled to pension benefits under the Plan.

**ANSWER:**      Zurich denies the allegations set forth in paragraph 9 of the Complaint, except

admits that Fishman was a participant in the Plan.

CHICAGO/#1439260.1

10.     Defendant Zurich American Insurance Company is the Plan Administrator and the Plan Sponsor, as those terms are defined under ERISA, 29 U.S.C. § 1002(16)(A) and 29 U.S.C. § I002(16)(B). Defendant Zurich American Insurance Company resides and/or can be found within the geographical jurisdiction of the Northern District of Illinois.

**ANSWER:**     Zurich admits the allegation set forth in paragraph 10 of the Complaint.  Pursuant

to the terms of the Plan, Zurich delegated its role as Plan Administrator to the Administrative

Committee.

11.     Neither ERISA nor the Plan's terms designate anyone else as the Plan Administrator other than Defendant Zurich American Insurance Company.

**ANSWER:**     Zurich denies the allegations set forth in paragraph 11 of the Complaint.

12.     Defendant Zurich American Insurance Company is a Plan fiduciary under ERISA, 29 U.S.C. § 1002(21), because, among other things, it is the Plan Administrator.

**ANSWER:**     Zurich denies the allegations set forth in paragraph 12 of the Complaint.

13.     The Chief Executive Officer of Zurich American Insurance Company is a Plan fiduciary under ERISA, 29 U.S.C. § 1002(21), because, among other things, he has "discretionary authority or discretionary responsibility in the administration of" the Plan.

**ANSWER:**     Zurich denies the allegations set forth in paragraph 13 of the Complaint.

14.     The Plan is subject to Title I of ERISA, including ERISA's minimum accrual, vesting, and funding provisions, as well as ERISA's fiduciary duty requirements.

**ANSWER:**     Zurich denies the allegations set forth in paragraph 14 of the Complaint.

15.     Mr. Fishman was provided with a summary of the Plan in or about October of 1998. The summary contained no provision about the forfeiture of Plan benefits. In reliance on the terms of the summary, Mr. Fishman continued to work for the Zurich American Insurance Company.

**ANSWER:**     Zurich is without knowledge or information sufficient to form a belief as to the

truth of the allegations set forth in paragraph 15 of the Complaint.

16.     Mr. Fishman attained the age of 55 on June 20, 2004.

**ANSWER:**     Zurich admits the allegation set forth in paragraph 16 of the Complaint.

17.     Mr. Fishman retired from Zurich American Insurance Company on June 30, 2004.

3

**ANSWER:** Zurich denies the allegations set forth in paragraph 17 of the Complaint, except

Zurich admits Fishman retired from Zurich American Insurance Company as of July 1, 2004

after his employment ended on June 30, 2004.

18. Mr. Fishman applied for and began to receive benefits from the Plan.

**ANSWER:** Zurich admits the allegation set forth in paragraph 18 of the Complaint.

19. Before the end of July of 2004, Mr. Fishman was told that his Plan benefits were forfeited and that he was not entitled to receive any more monthly Plan benefits. Since that time, Mr. Fishman has not received any more Plan benefits.

**ANSWER:** Zurich admits the allegations set forth in paragraph 19 of the Complaint.

20. The decision to refuse to pay Plan benefits to Mr. Fishman was not made by the Plan Administrator.

**ANSWER:** Zurich denies the allegations set forth in paragraph 20 of the Complaint.

21. In November of 2004, Mr. Fishman (through counsel) made a written request to the Plan Administrator for documents to which he was entitled from the Plan Administrator under ERISA.

**ANSWER:** Zurich denies the allegations set forth in paragraph 21 of the Complaint, except

admits that in November 2004 Fishman, through his counsel, wrote Zurich and requested certain

documents in that correspondence.

22. Under ERISA, the Plan Administrator was required to provide the requested documents to Mr. Fishman within 30 days from the date of the request, but the Plan Administrator provided none of the requested documents within that time period.

**ANSWER:** Zurich denies the allegations set forth in paragraph 22 of the Complaint.

23. In November of 2004, Mr. Fishman (through counsel) made a written request to the Plan Administrator for an informal review of the decision to deny his Plan benefits.

**ANSWER:** Zurich admits the allegations set forth in paragraph 23 of the Complaint.

24. The Plan Administrator's refusal to provide the requested documents prejudiced Mr. Fishman's ability to seek informal review of the denial of his Plan benefits.

**ANSWER:** Zurich denies the allegations set forth in paragraph 24 of the Complaint.

4

CHICAGO/#1439260.1

25.     The request for informal review resulted in a denial in January of 2005; the denial of Plan benefits was not made by the Plan Administrator.

**ANSWER:**     Zurich denies the allegations set forth in paragraph 25 of the Complaint, except admits that Fishman's informal review resulted in a denial of benefits, communicated to Fishman via written correspondence in January 2005.

26.     On April 12, 2005, Mr. Fishman (through counsel) made another written request to the Plan Administrator for documents-not only those documents requested the prior November, but also additional documents-which Mr. Fishman was entitled to receive from the Plan Administrator under ERISA within 30 days from the date of the request.

**ANSWER:**     Zurich denies the allegations set forth in paragraph 26 of the Complaint, except admits that Fishman's counsel requested documents in a letter dated April 12, 2005.

27.     Some, but not all of the requested documents were provided to Mr. Fishman (through counsel) within the 30-day period.

**ANSWER:**     Zurich denies the allegations set forth in paragraph 27 of the Complaint, except admits that it provided documents to Fishman.

28.     The Plan Administrator's refusal to provide all the requested documents prejudiced Mr. Fishman's ability to appeal the denial of his benefits.

**ANSWER:**     Zurich denies the allegations set forth in paragraph 28 of the Complaint.

29.     On May 19, 2005, Mr. Fishman (through counsel) made a formal appeal to the Plan Administrator of the decision to deny his Plan benefits.

**ANSWER:**     Zurich admits the allegations set forth in paragraph 29 of the Complaint.

30.     On July 1, 2005, Mr. Fishman (through counsel) made a written request to the Plan Administrator specifically for the formal standards used by the Chief Executive Officer to permit the payment of Plan benefits. Mr. Fishman was entitled to a copy of such standards within 30 days of the date of the request, if the standards exist. To date, the Plan Administrator has not provided Mr. Fishman with those standards, if they exist.

**ANSWER:**     Zurich denies the allegations set forth in paragraph 30 of the Complaint.

31.     The Plan Administrator's refusal to provide the requested standards prejudiced Mr. Fishman's ability to appeal the denial of his benefits.

**ANSWER:**     Zurich denies the allegations set forth in paragraph 31 of the Complaint.

5

32.     ERISA requires the Plan Administrator to provide Mr. Fishman with a Summary Plan Description ("SPD") of the Plan without Mr. Fishman's making any request, within 90 days of the date that Mr. Fishman became a Plan participant. The Plan Administrator has never provided an SPD to Mr. Fishman. Mr. Fishman has been prejudiced by the failure of the Plan Administrator to provide him with any SPDs.

**ANSWER:**     Zurich denies the allegations set forth in paragraph 32 of the Complaint.

33.     Even though the November 2004 and April 2005 written requests to the Plan Administrator referred to above included requests for all copies of the SPDs, to date the Plan Administrator has not provided Mr. Fishman with any SPD of the Plan.

**ANSWER:**     Zurich denies the allegations set forth in paragraph 33 of the Complaint.

34.     ERISA requires the Plan Administrator to provide Mr. Fishman with a Summary of Material Modification ("SMM") of the Plan without Mr. Fishman's making any request. The Plan Administrator has never provided an SMM to Mr. Fishman.

**ANSWER:**     Zurich denies the allegations set forth in paragraph 34 of the Complaint.

35.     Even though the November 2004 and April 2005 written requests to the Plan Administrator referred to above included requests for all SMMs, to date the Plan Administrator has not provided Mr. Fishman with any SMM of the Plan.

**ANSWER:**     Zurich denies the allegations set forth in paragraph 35 of the Complaint.

36.     To date the Plan Administrator has provided no basis for the delay or refusal to provide the requested documents that the Plan Administrator is required to provide to Mr. Fishman.

**ANSWER:**     Zurich denies the allegations set forth in paragraph 36 of the Complaint.

37.     The Plan Administrator's failure and/or refusal to provide the requested documents has prejudiced Mr. Fishman not only in connection with his decision to continue working as an employee based on his understanding of his entitlement to Plan benefits, but also in his efforts to use the appeal procedure.

**ANSWER:**     Zurich denies the allegations set forth in paragraph 37 of the Complaint.

38.     The Plan Administrator and the appeal procedure did not provide Mr. Fishman with a reasonable opportunity for a full and fair review of the adverse benefit determination, because-despite his requests-Mr. Fishman was not provided reasonable access to and copies of all documents, records, and other information relevant to his claim for benefits.

**ANSWER:**     Zurich denies the allegations set forth in paragraph 38 of the Complaint.

6

## COUNT ONE

39.     All of the foregoing numbered paragraphs are incorporated herein by reference.

**ANSWER:**     Zurich hereby realleges and answers the foregoing numbered paragraphs by

incorporating the answers to each foregoing numbered paragraph by reference.

40.     Contrary to ERISA's requirements, in response to written requests, the Plan Administrator has failed to provide the documents under which the Plan was established and/or operated, and documents relevant to the appeal of the benefit denial.

**ANSWER:**     Zurich denies the allegations set forth in paragraph 40 of the Complaint.

41.     The Plan Administrator has failed to provide the requested documents, which the Plan Administrator is required to timely provide after receiving multiple written requests for documents.

**ANSWER:**     Zurich denies the allegations set forth in paragraph 41 of the Complaint.

42.     The Plan Administrator's failures to timely provide the requested documents violates ERISA. For these failures, the Plan Administrator is subject to ERISA's civil penalties under 29 U.S.C. § 1132(c).

**ANSWER:**     Zurich denies the allegations set forth in paragraph 42 of the Complaint.

## COUNT TWO

43.     All of the foregoing numbered paragraphs are incorporated herein by reference.

**ANSWER:**     Zurich hereby realleges and answers the foregoing numbered paragraphs by

incorporating the answers to each foregoing numbered paragraph by reference.

44.     The Plan, which is an employee pension benefit plan under ERISA, is subject to ERISA's minimum accrual, vesting, and funding provisions as well as ERISA's fiduciary requirements, which are found in Title I of ERISA.

**ANSWER:**     Zurich denies the allegations set forth in paragraph 44 of the Complaint.

45.     Mr. Fishman was employed by Zurich for over ten years. He is 100% vested in his Plan benefits under ERISA's minimum vesting standards, and so his Plan benefits cannot be forfeited.

**ANSWER:**     Zurich denies the allegations set forth in paragraph 45 of the Complaint, except

admits that Fishman was employed by Zurich for over ten years.

CHICAGO/#1439260.1

46.     The Plan has a benefit forfeiture provision that violates ERISA's minimum vesting standards, is void, and cannot be applied under ERISA.

**ANSWER:**     Zurich denies the allegations set forth in paragraph 46 of the Complaint.

47.     By applying the Plan's forfeiture provision to Mr. Fishman, the Plan fiduciaries have violated and continue to violate their ERISA fiduciary duties.

**ANSWER:**     Zurich denies the allegations set forth in paragraph 47 of the Complaint.

48.     The Plan is subject to ERISA's minimum accrual, vesting, and funding provisions as well as ERISA's fiduciary requirements, unless the Plan Administrator can satisfy its burden of proving that the Plan is entitled to an exemption from ERISA's standards.

**ANSWER:**     Zurich denies the allegations set forth in paragraph 48 of the Complaint, except

Zurich admits that if the Plan is entitled to an exemption from ERISA's standards it is then not

subject to ERISA's minimum accrual, vesting, and funding provisions as well as ERISA's

fiduciary requirements.

49.     Whatever the intention was of Zurich American Insurance Company in establishing the Plan, the top hat exception to ERISA's minimum accrual, vesting, and funding provisions or ERISA's fiduciary requirements depends upon how the plan is and has been "maintained," 29 U.S.C. § 1051(2), because by its own terms participation is not expressly limited to a select group of management or highly compensated employees. [sic]

**ANSWER:**     Zurich denies the allegations set forth in paragraph 49 of the Complaint.

50.     Whatever the intention was of Zurich American Insurance Company in establishing the Plan, the Chief Executive Officer and the Executive Vice President of Corporate Development of Zurich American Insurance Company have discretion to designate any employee of Zurich American Insurance Company to participate in the Plan, so long as the employee is at least 55 years of age, has 10 or more years of service and is eligible to receive benefits under the Retirement Account Plan at the time of his/her termination of employment.

**ANSWER:**     Zurich denies the allegations set forth in paragraph 50 of the Complaint.

51.     Whatever the intention was of Zurich American Insurance Company in establishing the Plan, the Chief Executive Officer of Zurich Home Office and the Chief Executive Officer of Zurich American Insurance Company have discretion to designate any employee of Zurich American Insurance Company to participate in the Plan, so long as the employee is at least 55 years of age, has 10 or more years of service and is eligible to receive benefits under the Retirement Account Plan at the time of his/her termination of employment.

**ANSWER:**     Zurich denies the allegations set forth in paragraph 51 of the Complaint.

52.     In April of 2005, Mr. Fishman (through counsel) made a written request that the Plan Administrator provide documents or other evidence to demonstrate that the Plan now contains and has only ever contained participants who were a select group of management or highly compensated employees.

**ANSWER:**     Zurich admits the allegations set forth in paragraph 52 of the Complaint.

53.     The Plan Administrator has failed and/or refused to provide any documents or other evidence to demonstrate that the Plan now contains and has only ever contained participants who were a select group of management or highly compensated employees. Rather than being provided with documents or other evidence, Mr. Fishman (through counsel) was informed that the advice of Plan Administrator's counsel formed the basis for an assertion that the Plan is entitled to an exemption from ERISA's standards.

**ANSWER:**     Zurich denies the allegations set forth in paragraph 53 of the Complaint.

54.     To his knowledge neither Fishman nor his counsel has been provided any of the factual or other material which the Plan Administrator's counsel relied upon in rendering its opinion.

**ANSWER**:  Zurich denies the allegations set forth in paragraph 54 of the Complaint.

55.     Participation in the Plan is not limited to employees who individually have bargaining power or the ability to affect or substantially influence the design and operation of the Plan.

**ANSWER:**     Zurich denies the allegations set forth in paragraph 55 of the Complaint.

56.     In April of 2005, Mr. Fishman (through counsel) made a written request that the Plan Administrator provide documents or other evidence to demonstrate that the Plan is not now and never has been funded.

**ANSWER:**     Zurich admits the allegations set forth in paragraph 56 of the Complaint.

57.     The Plan Administrator has failed and/or refused to provide any documents or other evidence to demonstrate that the Plan is not now and never has been funded. Rather than being provided with documents or other evidence, Mr. Fishman (through counsel) was informed that the advice of Plan Administrator's counsel formed the basis for an assertion that the Plan is entitled to an exemption from ERISA's standards.

**ANSWER:**     Zurich denies the allegations set forth in paragraph 57 of the Complaint.

58.     To his knowledge neither Fishman nor his counsel has been provided any of the factual or other material which the Plan Administrator's counsel relied upon in rendering its opinion.

9

**ANSWER:**     Zurich denies the allegations set forth in paragraph 58 of the Complaint.

59.     By its own terms, the Plan states that whether the Plan is subject to any exception to ERISA's minimum vesting, accrual, funding, or fiduciary standards is an issue to be determined by the United States Department of Labor or by a court of competent jurisdiction.

**ANSWER:**     Zurich denies the allegations set forth in paragraph 59 of the Complaint.

60.     Despite Mr. Fishman's written requests for documents or other evidence to demonstrate that the Plan is subject to an exception to ERISA's minimum vesting, accrual, funding, or fiduciary standards, the Plan Administrator has provided Mr. Fishman with no determination by the Department of Labor or by a court of competent jurisdiction that the Plan is subject to any exception to ERISA's minimum vesting, accrual, funding, or fiduciary standards.

**ANSWER:**     Zurich denies the allegations set forth in paragraph 60 of the Complaint, except

admits that Zurich is not aware of any determination by the Department of Labor or by a court of

competent jurisdiction regarding the Plan.

61.     Even if the Plan were not subject to ERISA's minimum vesting, accrual, funding, or fiduciary standards, the Plan's benefit forfeiture provision was applied without standards, and it was applied contrary to its terms.

**ANSWER:**     Zurich denies the allegations set forth in paragraph 61 of the Complaint.

62.     Even if the Plan were not subject to ERISA's minimum vesting, accrual, funding, or fiduciary standards, the appeal procedure that Mr. Fishman was allowed to use was administered contrary to the Plan's terms.

**ANSWER:**     Zurich denies the allegations set forth in paragraph 62 of the Complaint.

63.     Mr. Fishman was prejudiced by the Plan Administrator's failure to administer the Plan and the appeal procedure in accordance with ERISA and the Plan's terms.

**ANSWER:**     Zurich denies the allegations set forth in paragraph 63 of the Complaint.

64.     The Plan Administrator abdicated its authority and made no determination as to Mr. Fishman's benefit entitlement, yet the Plan Administrator will not pay Plan benefits to Mr. Fishman.

**ANSWER:**     Zurich denies the allegations set forth in paragraph 64 of the Complaint.

65.     The Plan Administrator's abdication of its authority is contrary to the terms of the Plan and its duties under ERISA.

**ANSWER:**     Zurich denies the allegations set forth in paragraph 65 of the Complaint.

66.     The Chief Executive Officer abdicated his responsibility and made no determination as to Mr. Fishman's benefit entitlement, yet Mr. Fishman has been denied his Plan benefits.

**ANSWER:**     Zurich denies the allegations set forth in paragraph 66 of the Complaint.

67.     The Chief Executive Officer's abdication of his responsibility is contrary to the terms of the Plan and his duties under ERISA.

**ANSWER:**     Zurich denies the allegations set forth in paragraph 67 of the Complaint.

68.     The Plan Administrator abdicated its authority, thereby denying Mr. Fishman full and fair review of the benefit denial.

**ANSWER:**     Zurich denies the allegations set forth in paragraph 68 of the Complaint.

69.     The Chief Executive Officer abdicated his responsibility, thereby denying Mr. Fishman full and fair review of the benefit denial.

**ANSWER:**     Zurich denies the allegations set forth in paragraph 69 of the Complaint.

70.     The Plan Administrator and the Chief Executive Officer had conflicts of interest in any determination to deny Mr Fishman his Plan benefits.

**ANSWER:**     Zurich denies the allegations set forth in paragraph 70 of the Complaint.

71.     One of those who participated in the decision to deny Mr. Fishman his benefits was Mr. John Amore, who told Mr. Fishman that he (Mr. Amore) could lose his job if he agreed to permit Mr. Fishman to receive Plan benefits.

**ANSWER:**     Zurich denies the allegations set forth in paragraph 71 of the Complaint.

72.     Zurich American Insurance Company, which is the Plan Administrator and the Plan Sponsor, is required to pay for the Plan's benefits.

**ANSWER:**     Zurich denies the allegations set forth in paragraph 72 of the Complaint, except

Zurich admits that Zurich American Insurance Company is the Plan Administrator and the Plan

Sponsor.  Pursuant to the terms of the Plan, Zurich delegated its role as Plan Administrator to the

Administrative Committee.

73.     By denying Mr. Fishman his Plan benefits, the Plan Administrator saved itself the cost of those Plan benefits, thereby administering the Plan in its own interest and not in the interest of Mr. Fishman.

11

**ANSWER:** Zurich denies the allegations set forth in paragraph 73 of the Complaint.

74. The Plan Administrator took no steps to remedy these conflicts of interest.

**ANSWER:** Zurich denies the allegation set forth in paragraph 74 of the Complaint.

75. On or about July 12, 2005, Mr. Fishman received a final denial of his appeal for Plan benefits. The denial of benefits was inconsistent with ERISA and the Plan's terms, to the extent those terms can be applied under ERISA.

**ANSWER:** Zurich denies the allegations set forth in paragraph 75 of the Complaint, except

admits that, by letter dated July 12, 2005, Fishman was informed that the Formal Review had

resulted in a denial of his benefits.

76. Mr. Fishman has been denied the Plan benefits to which he is entitled.

**ANSWER:** Zurich denies the allegations set forth in paragraph 76 of the Complaint.

77. Mr. Fishman has exhausted the administrative procedures provided to him by the Plan.

**ANSWER:** Zurich admits the allegations set forth in paragraph 77 of the Complaint.

78. The failure of the Plan and the Plan Administrator to provide Mr. Fishman his Plan benefits is a violation of ERISA and the Plan's terms,to the extent those terms can be applied under ERISA.

**ANSWER:** Zurich denies the allegations set forth in paragraph 78 of the Complaint.

**WHEREFORE CLAUSE**

**ANSWER:** Zurich denies that Plaintiff is entitled to any of the relief for which he prays in his

WHEREFORE Clause.

### First Affirmative Defense

79. Plaintiff's claims are barred, in whole or in part, because even assuming that the Defendants failed timely to provide documents under ERISA, that failure was not the result of bad faith and did not prejudice Plaintiff. Accordingly, under this Court's discretion, no civil penalties should apply.

### Second Affirmative Defense

80. Plaintiff's claims are barred because the Plan at issue is a "top-hat" plan.

12

CHICAGO/#1439260.1

81.     The Plan is unfunded and maintained by an employer primarily for the purpose of providing deferred compensation for a select group of management or highly compensated employees.

82.     The Plan is therefore exempt from Parts 2, 3 and 4 of Title I of ERISA pertaining to participation, vesting, funding and fiduciary responsibilities pursuant to the exemptions in §§ 201(2), 301(a)(3) and 401(a)(1) of ERISA.

### Third Affirmative Defense

83.     In connection with Plaintiff's separation from Zurich, Plaintiff was offered the opportunity to identify any subsequent employer and receive information as to whether that employer would constitute a competitor and thus result in the forfeiture of his benefits under the Plan.

84.     Plaintiff elected not to avail himself of this opportunity.  Plaintiff's claims should therefore be barred under the doctrines of waiver and estoppel.

### Fourth Affirmative Defense

85.     Pursuant to the terms of the Plan, "[t]he Plan Administrator has the absolute authority to interpret and construe the Plan and to determine questions of eligibility, status, and payment under the Plan, in its sole discretion, and has the authority to delegate duties and responsibilities as it deems appropriate."

86.     Plaintiff's claims are barred, in whole or in part, because the denial of Plaintiff's benefits was not an abuse of discretion.

### COUNTERCLAIM

87.     Plaintiff's Plan benefits became effective on July 1, 2004, subject to the terms and conditions of the Plan.

88.     On July 1, 2004, Zurich paid to Plaintiff the sum of $62,081.67 (the "Payment"), the amount of his first quarterly benefits due under the Plan had such benefits not been forfeited.

89.     On July 22, 2004, Zurich learned that Plaintiff had been appointed the President of U.S. Insurance at Quanta U.S. Holdings, Inc. ("Quanta") via a press release issued by Quanta.

90.     On July 26, 2004, Zurich informed Plaintiff his benefits under the Plan had been forfeited because "[t]he Plan is administered by an Administrative Committee, which has determined, in its sole and absolute discretion, that Quanta is a Competitor for purposes of the Plan." Thus, pursuant to the Plan, Plaintiff forfeited his right to receive benefits under the Plan.

91.     Zurich demanded that Plaintiff promptly return his forfeited benefits under the Plan, the Payment.

CHICAGO/#1439260.1

92.     Plaintiff refused to return the Payment to Zurich.

93.     Plaintiff has been unjustly enriched in the amount of $62,081.67 by the payment of benefits under the Plan which had been forfeited.  It would be inequitable for Plaintiff to be permitted to retain the benefit of the Payment.

94.     Zurich is entitled to the return of the Payment.

WHEREFORE, Zurich demands judgment against Plaintiff as follows:

a.      dismissing the Complaint in its entirety with prejudice;

b.      for return of $62,018.67, plus interest accrued since July 1, 2004;

c.      awarding Zurich costs and disbursements incurred defending this lawsuit, including reasonable attorneys' fees; and

d.      granting such other and further relief as this Court deems just and proper.

ZURICH AMERICAN INSURANCE COMPANY and ZURICH NORTH AMERICA SUPPLEMENTAL EXECUTIVE RETIREMENT PLAN


By: s/ Alison J. Maki

Richard H. Schnadig
Charles B. Wolf
Alison J. Maki
Vedder, Price, Kaufman & Kammholz, P.C.
222 North LaSalle Street, Suite 2600
Chicago, Illinois 60601
(312) 609-7500
(312) 609-5005 (fax)

Joseph T. Baio
Vivian E. Schiebel
Suzanne Hess
Willkie Farr & Gallagher LLP
787 Seventh Avenue
New York, NY 10019
(212) 728-8000
(212) 728-8111

Dated:  November 11, 2005

14

CHICAGO/#1439260.1

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing **DEFENDANTS'**

**ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM TO THE**

**COMPLAINT** was served on:

>David R. Levin
>Gardner Carton & Douglas LLP
>1301 K Street, N.W.
>Suite 900, East Tower
>Washington D.C.  20005-3317
>
>Mark Furlane
>Kendra M. Allaband
>Gardner Carton & Douglas LLP
>191 N. Wacker Drive, Suite 3700
>Chicago, Illinois  60606

by electronic means and/or by depositing the same in the U.S. mail, first-class postage prepaid, at

222 North LaSalle Street, Chicago, Illinois 60601-1003 by 6:00 p.m. on November 11, 2005.

By: s/ Alison J. Maki